E-FILED
Wednesday, 12 February, 2025  03:28:12 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS,
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ANTONIO M. ROMANUCCI as INDEPENDENT Administrator of the Estate of SONYA WILBURN-MASSEY, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 3:24-cv-03317-SLD-EIL |
| v. | ) ) | |
| SEAN P. GRAYSON, SHERIFF JACK CAMPBELL, SANGAMON COUNTY SHERIFF'S OFFICE, and SANGAMON COUNTY, | ) ) ) ) ) | |
| Defendants. | ) ) | **JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

NOW COMES the plaintiff, ANTONIO M. ROMANUCCI, as Independent Administrator of the Estate of SONYA WILBURN-MASSEY, by and through his counsel, Kevin W. O'Connor and Jeffrey D. Naffziger of O'Connor Law Firm, Ltd., and Benjamin L. Crump and Natalie A. Jackson of Ben Crump Law, PLLC (pro hac vice motion forthcoming), and alleges the following against the Defendants, SEAN P. GRAYSON, SHERIFF JACK CAMPBELL, SANGAMON COUNTY SHERIFF'S OFFICE, and SANGAMON COUNTY (hereinafter "Defendants"):

### Jurisdiction

1.       This action is brought against the Defendants pursuant to Section 1983 of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1983, as amended.

2.       Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint asserts federal claims and requires the resolution of substantial questions of federal law.

3.      Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions complained of took place in this District at and near the 2800 block of Hoover Avenue in Springfield, Illinois.

## Parties

4.      Plaintiff Antonio M. Romanucci was appointed as the Independent Administrator of the Estate of Sonya Wilburn-Massey by the Circuit Court of Sangamon County, Illinois.

5.      Defendant Sean P. Grayson was at all relevant times a sworn deputy in the Sangamon County Sheriff's Office.  He is sued in his individual and official capacities.

6.      Defendant Jack Campbell was at all relevant times the Sheriff of Sangamon County, Illinois.  He is sued in his individual and official capacities.

7.      Defendant Sangamon County Sheriff's Office is the local government unit that acts as the sheriff for Sangamon County.

8.      Defendant Sangamon County is an Illinois county in central Illinois.

## General Allegations

### Sean Grayson's Troubled History

9.      On information and belief, Defendant Sheriff's Deputy Sean Grayson had an extensive, troubled history when he was hired by the Sangamon County Sheriff's Department in May 2023.  On information and belief, Defendant Grayson was discharged from the U.S. Army in 2016 for "serious misconduct".

10.     On information and belief, when hired in 2023, the Sangamon County Sheriff's Office knew that Defendant Grayson was previously convicted of driving under the influence on two occasions.

11.     On information and belief, also concerning was the fact that Defendant Grayson was employed at five different law enforcement agencies in the three years before he was hired at the Sangamon County Sheriff's Office.  This in and of itself should have been a red flag as to whether hiring Defendant Grayson was appropriate.

12.     Defendant Grayson's performance at these prior law enforcement agencies should also have been cause for concern.  On information and belief, Defendant Grayson worked at the Logan County Sheriff's Office before he worked for the Sangamon County Sheriff's Office.  At the Logan County Sheriff's Office, Grayson was cited for ignoring internal policies during a high-speed chase, had two formal complaints made against him for his behavior, and Defendant Grayson was advised by superiors that they were considering his termination.

### Events of July 5-6, 2024

13.     On information and belief, on the morning of July 5, 2024, Sonya Wilburn-Massey's mother called 911 to inform the Sangamon County Sheriff's Office that Sonya Wilburn-Massey was experiencing a mental health crisis, and begged dispatch: "Please don't send no combative policemen that are prejudiced – I'm scared of the police."

14.     The next day, in the early morning of July 6, 2024, Sonya Wilburn-Massey was at her residence, located on the 2800 block of Hoover Avenue in Springfield, Illinois.

15.     That evening, Sonya Wilburn-Massey thought someone was trespassing on her property.  She thus called 911 to request police assistance.

16.     Defendant Grayson and a fellow Sangamon County Sheriff's Office deputy arrived at Sonya Wilburn-Massey's residence and did not find any trespassers.  They entered Sonya Wilburn-Massey's residence and spoke with her.

17.     During the interaction inside Sonya Wilburn-Massey's home, Sonya Wilburn-Massey had difficulty answering basic questions and was clearly undergoing a mental health crisis.

18.     Sonya Wilburn-Massey was 5'4" in height and weighed only 112 pounds. Defendant Grayson is 6'3" and weighs more than 200 pounds.

19.     Defendant Grayson asked several times for Sonya Wilburn-Massey to provide her driver's license. Sonya Wilburn-Massey looked for her driver's license.

20.     While Sonya Wilburn-Massey searched for her driver's license, one or more of the deputies remarked that Sonya Wilburn-Massey should remove a pot of water that was boiling on the stove in the nearby kitchen. Sonya Wilburn-Massey complied with this request, turning off the stove. She picked up the pot of boiling water and walked to her kitchen sink to empty the pot.

21.     When Sonya Wilburn-Massey walked toward the kitchen sink with the pot, Defendant Grayson and his partner backed up.

22.     Sonya Wilburn-Massey then said, "I rebuke you in the name of Jesus." She repeated this phrase after one of the deputies asked her what she had said.

23.     Though Sonya Wilburn-Massey had not made any threatening statements or motions, and had not moved closer to Defendant Grayson, Defendant Grayson drew his service handgun and stated, "You better fucking not, I swear to God I'll fucking shoot you right in your fucking face." Defendant Grayson's partner also drew his weapon, further escalating the encounter into an unnecessary confrontation.

24.     Terrified because two deputies were now pointing their guns at her without any provocation, Sonya Wilburn-Massey apologized, then ducked down defensively. Sonya Wilburn-Massey made no gestures of any kind that indicated she posed any physical threat to the deputies.

4

25.    Despite this, Defendant Grayson fired his handgun three times, striking Sonya Wilburn-Massey in the head.

26.    Though he had just shot a citizen without provocation, Defendant Grayson made no efforts to perform lifesaving efforts on Sonya Wilburn-Massey.

27.    Sonya Wilburn-Massey died as a result of the gunshot wound the same day.

**Count I**
**Section 1983 Excessive Force Claim Against**
**Defendant Sheriff Deputy Sean P. Grayson**

28.    Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

29.    At the time and place detailed above, Defendant Grayson, while acting under the color of law, engaged in unnecessary, excessive, and objectively unreasonable force as against Sonya Wilburn-Massey, when there were no reasonable grounds to do so.

30.    Sonya Wilburn-Massey's actions did not justify the use of unnecessary, excessive, and deadly force by Defendant Grayson, and further, did not justify the rapid firing of three rounds.

31.    Defendant Grayson's actions were malicious, willful and wanton, and constituted a reckless and deliberate indifference to Sonya Wilburn-Massey's constitutionally protected rights under the Fourth Amendment to the U.S. Constitution, while acting under the color of law.

32.    As a direct and proximate result of the aforementioned actions and/or omissions of Defendant Grayson, Sonya Wilburn-Massey was deprived of the rights, privileges, and immunities guaranteed by the Fourth Amendment to the U.S. Constitution, namely, Sonya Wilburn-Massey was subjected to an unreasonable use of force.

33.    In addition, as a direct and proximate result of the aforementioned actions and/or omissions of Defendant Grayson, Sonya Wilburn-Massey was injured internally, externally and

otherwise, both temporarily and permanently.  During the period of time after she was shot, Sonya Wilburn-Massey suffered great pain and fear, and ultimately died, due to the wounds suffered as a result of Defendants' actions.

WHEREFORE, Plaintiff demands an award of compensatory damages against Defendant Grayson, and further demands punitive damages, costs and attorney fees, prejudgment interest, and any additional relief this Court deems equitable and just.

<u>**Count II**</u>
**Section 1983 *Monell* Claim Against Defendants**
**Sangamon County Sheriff's Office and Sheriff Jack Campbell**

34.    Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

35.    Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell had knowledge of a pattern and practice among their police officers, including but not limited to Defendant Grayson, of failing to use reasonable force, failing to de-escalate confrontations with citizens, and failing to use deadly force under appropriate circumstances with respect to citizens.

36.    Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell perpetuated, tolerated, and fostered an environment that encouraged the aforementioned police officers to engage in the above-described constitutional deprivations.

37.    Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell's acceptance of the pattern and practice among the aforementioned police officers to engage in the above-described constitutional deprivations during the investigation, arrest, and detention of accused individuals created a practice that, although not written or express municipal policy, was so widespread, permanent, and settled that it constituted a custom or usage of officers employed by Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell.

38.     Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell's pattern and practice of failing to secure the constitutional rights of citizens, and frequently, violating the rights of residents of Sangamon County, is further borne out in other federal court litigation and publicly available news stories.  This includes:

- Media reports indicating that before Sonya Wilburn-Massey's murder at the hands of Defendant Grayson, Sangamon County Sheriff's Office deputies killed eight other citizens who were suffering from mental health issues, in violation of department policy and in violation of the citizens' rights under the U.S. Constitution (https://www.cbsnews.com/news/sonya-massey-shooting-sheriff-sangamon-county-illinois-investigation/);

- The same media report indicated, "Since 2004, the Sangamon County Sheriff's Office has been the target of more than 50 civil rights complaints, including 20 related to policing and another 34 related to misconduct in the jail, which the sheriff also oversees, records show. The allegations include violations of due process, excessive tasing, the rape of a woman who called 911 for help, and arrests made with no legal grounds as tools of harassment or intimidation." (*Id.*)

- Due to concerns that there has been a pattern and practice of violating the civil rights of Sangamon County citizens' rights committed by the Sangamon County Sheriff's Office, Sangamon County Board Member Marc Ayers has called for an independent inquiry at the Sheriff's Office. (*Id.*)

39.     The policy, practice, custom and/or procedure of Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell caused the violation of Sonya Wilburn-Massey's civil rights.

WHEREFORE, Plaintiff demands an award of compensatory damages against Defendants, demands judgment against all such Defendants jointly and severally, and further demands punitive damages, costs and attorney fees, prejudgment interest, and any additional relief this Court deems equitable and just.

### Count III
### Section 1983 Failure to Train Claim Against Defendants
### Sangamon County Sheriff's Office and Sheriff Jack Campbell

40.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

41.     Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell acted with deliberate indifference to the constitutional rights of Sonya Wilburn-Massey due to their failure to properly supervise, instruct, and train Defendant Grayson and his partner on the proper methods for the use of reasonable force when effecting an arrest, de-escalation of encounters with mentally ill citizens, and on the proper use of deadly force.

42.     Defendants were acting under the color of law and acted with deliberate indifference to Sonya Wilburn-Massey's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

43.     Defendants subjected Sonya Wilburn-Massey to these deprivations of her constitutional rights purposefully and/or knowingly.

44.     Sonya Wilburn-Massey was injured and killed as a direct and proximate result of Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell's actions.

WHEREFORE, Plaintiff demands compensatory damages from Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell.  Plaintiff demands judgment against Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell and further demands

punitive damages, costs, prejudgment interest, and attorney's fees against Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell, as well as an injunction requiring the following: that the Defendants (1) institute a program requiring that deputies attend 40 hours of training annually on implicit bias, use of reasonable force, and concerning interactions with members of the public who have mental health issues; (2) retain a third-party expert on use of force to craft a use of force policy that takes into consideration implicit bias and members of the public with mental health issues; (3) retain a third-party expert on use of force to monitor the implementation of the use of force policy; and any additional relief this Court deems equitable and just.

**Count IV**
**Indemnification Claim Against**
**Defendant Sangamon County**

45.     In the event that any individual defendant is found liable for their actions performed in the course of their employment and/or agency with the Sangamon County Sheriff's Office, Defendant Sangamon County must indemnify such employee for this verdict pursuant to 55 ILCS 5/5-1002.

WHEREFORE, Plaintiff demands that Defendant Sangamon County pay any compensatory judgment against any individual defendants who acted in the course of their employment and/or agency with the Sangamon County Sheriff's Office.

**Count V**
**State Law Willful and Wanton Claim Against All Defendants**
**Wrongful Death Act**

46.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

47.     Defendant Grayson was acting within the scope of his employment with the Sangamon County Sheriff's Office at all times relevant.  Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell are thus vicariously liable for Defendant Grayson's acts and omissions.

48.     Defendant Grayson owed a duty of care to Sonya Wilburn-Massey to not willfully and wantonly harm or kill Sonya Wilburn-Massey.

49.     Defendant Grayson breached his duty of care by willfully and wantonly shooting, injuring, and killing Sonya Wilburn-Massey.

50.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

51.     This action is being brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. seq., for the benefit of the heirs and next of kin of Sonya Wilburn-Massey.

52.     Sonya Wilburn-Massey left surviving at the time of her death her heirs at law, known heirs being Jeannette Wilburn-Massey and Malachi Hill Massey, who by reason of her death did sustain grief, sorrow, and pecuniary losses including, but not limited to, goods, services, and loss of society.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

**Count VI**
**State Law Battery Claim Against All Defendants**
**Wrongful Death Act**

53.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

54.     Defendant Grayson was acting within the scope of his employment with the Sangamon County Sheriff's Office at all times relevant.  Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell are thus vicariously liable for Defendant Grayson's acts and omissions.

55.     Defendant Grayson intentionally engaged in the willful touching of the person of Sonya Wilburn-Massey and/or attempted to commit violence on the person of Sonya Wilburn-Massey.

56.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

57.     This action is being brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. seq., for the benefit of the heirs and next of kin of Sonya Wilburn-Massey.

58.     Sonya Wilburn-Massey left surviving at the time of her death her heirs at law, known heirs being Jeannette Massey and Malachi Hill Massey, who by reason of her death did sustain grief, sorrow, and pecuniary losses including, but not limited to, goods, services, and loss of society.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

### Count VII
**State Law Willful and Wanton Hiring, Supervision, and Retention Claim Against
Sangamon County Sheriff's Office and Sheriff Jack Campbell
Wrongful Death Act**

59.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

60.     Pleading in the alternative, Defendants Sangamon County Sheriff's Department and Sheriff Jack Campbell owed a duty of care to Sonya Wilburn-Massey to not willfully and wantonly hire, supervise, or retain Defendant Grayson as a deputy sheriff.

61.     Defendants breached their duty of care by willfully and wantonly hiring, supervising, and retaining Defendant Grayson, who was an unfit and incompetent deputy sheriff.

62.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

63.     This action is being brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. seq., for the benefit of the heirs and next of kin of Sonya Wilburn-Massey.

64.     Sonya Wilburn-Massey left surviving at the time of her death her heirs at law, known heirs being Jeannette Massey and Malachi Hill Massey, who by reason of her death did sustain grief, sorrow, and pecuniary losses including, but not limited to, goods, services, and loss of society.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

## Count VIII
### State Law Willful and Wanton Claim Against All Defendants
### Survival Act

65.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

66.     Defendant Grayson was acting within the scope of his employment with the Sangamon County Sheriff's Office at all times relevant.  Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell are thus vicariously liable for Defendant Grayson's acts and omissions.

67.     Defendant Grayson owed a duty of care to Sonya Wilburn-Massey to not willfully and wantonly harm or kill Sonya Wilburn-Massey.

68.     Defendant Grayson breached his duty of care by willfully and wantonly shooting, injuring, and killing Sonya Wilburn-Massey.

69.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

70.     From the moment she was shot until she died, the Decedent, Sonya Wilburn-Massey, endured significant pain and suffering.

71.     Plaintiff brings this Count pursuant to the Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

### Count IX
### State Law Battery Claim Against All Defendants
### Survival Act

72.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

73.     Defendant Grayson was acting within the scope of his employment with the Sangamon County Sheriff's Office at all times relevant.  Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell are thus vicariously liable for Defendant Grayson's acts and omissions.

74.     Defendant Grayson intentionally engaged in the willful touching of the person of Sonya Wilburn-Massey and/or attempted to commit violence on the person of Sonya Wilburn-Massey.

75.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

76.     From the moment she was shot until she died, the Decedent, Sonya Wilburn-Massey, endured significant pain and suffering.

77.     Plaintiff brings this Count pursuant to the Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

## Count X
### State Law Willful and Wanton Hiring, Supervision, and Retention Claim Against Sangamon County Sheriff's Office and Sheriff Jack Campbell
### Survival Act

78.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

79.     Pleading in the alternative, Defendants Sangamon County Sheriff's Department and Sheriff Jack Campbell owed a duty of care to Sonya Wilburn-Massey to not willfully and wantonly hire, supervise, or retain Defendant Grayson as a deputy sheriff.

80.     Defendants breached their duty of care by willfully and wantonly hiring, supervising, and retaining Defendant Grayson, who was an unfit and incompetent deputy sheriff.

81.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

82.     From the moment she was shot until she died, the Decedent, Sonya Wilburn-Massey, endured significant pain and suffering.

83.     Plaintiff brings this Count pursuant to the Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

14

**Count XI**
**State Law Assault Claim Against All Defendants**
**Survival Act**

84.     Plaintiff repeats, realleges and incorporates the foregoing paragraphs as though fully stated within this Count.

85.     Defendant Grayson was acting within the scope of his employment with the Sangamon County Sheriff's Office at all times relevant.  Defendants Sangamon County Sheriff's Office and Sheriff Jack Campbell are thus vicariously liable for Defendant Grayson's acts and omissions.

86.     Defendant Grayson intentionally placed Sonya Wilburn-Massey in imminent apprehension of a battery by pointing his fireman at Sonya Wilburn-Massey without cause and without her consent.

87.     As a proximate result of one or more of the aforementioned acts or omissions, Sonya Wilburn-Massey was shot, sustained injuries, and died.

88.     From the moment she was shot until she died, the Decedent, Sonya Wilburn-Massey, endured significant pain and suffering, as well as the terror of seeing two police officers brandishing their firearms at her.

89.     Plaintiff brings this Count pursuant to the Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants, and any additional relief this Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully Submitted,


/s/ Kevin W. O'Connor
Kevin W. O'Connor

Kevin W. O'Connor (IL Bar No. 6216627)
Jeffrey D. Naffziger (IL Bar No. 6275581)
O'Connor Law Firm, Ltd.
100 S. Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 906-7609
koconnor@koconnorlaw.com
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com


Benjamin L. Crump
Natalie A. Jackson
Ben Crump Law, PLLC
121 S. Orange Ave., Ste 1500
Orlando, FL 32801
(800) 710-3555
ben@bencrump.com
natalie@bencrump.com
(Motion for pro hac vice admission forthcoming)