## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS,
## SPRINGFIELD DIVISION

| | |
|---|---|
| ANTONIO M. ROMANUCCI as INDEPENDENT Administrator of the Estate of SONYA WILBURN-MASSEY, <br><br> Plaintiff, <br><br> v. <br><br> SEAN P. GRAYSON, SHERIFF JACK CAMPBELL, SANGAMON COUNTY SHERIFF'S OFFICE, and SANGAMON COUNTY, <br><br> Defendants. | No. 3:24-cv-03317-SLD-EIL |

### PLAINTIFF'S PETITION TO APPROVE SETTLEMENT

NOW COMES the Plaintiff, pursuant to 740 ILCS 180/0.01, and hereby moves that the Court enter an order approving the settlement and distribution in this matter. In support thereof, Plaintiff states as follows:

### General Facts

1. This case asserts claims on behalf of the Estate of Sonya Wilburn-Massey, who was shot by one of the Defendants on July 6, 2024. Sonya Wilburn-Massey died as a result of her wounds on the same day. The Complaint asserts claims under the U.S. Constitution (42 U.S.C. § 1983) and Illinois state law, including but not limited to wrongful death claims.

2. Counsel for the Plaintiff was involved in a number of aspects of this case from the beginning, including press conferences that brought national media attention to the case, which in turn leveraged an advantageous settlement. They further attended a mediation that is described below that secured an eight-figure recovery on behalf of the estate. All of

1

these duties and responsibilities were encompassed in the contingency fee related to this underlying litigation.

3. The parties participated in a mediation on February 3, 2025, and agreed to settle this case in principle for $10 million. The settlement was subsequently approved by the County Board of Sangamon County.

4. Ms. Massey was survived by two heirs: her son, MHM (a minor at the time of Ms. Massey's death but now an adult), and minor daughter, JWM. The Circuit Court of Sangamon County, Illinois, appointed Jimmie Earl Crawford, Jr. as the legal guardian of JWM. Mr. Crawford is JWM's father.

## Petition to Approval Settlement

5. As mentioned above, this case was settled at a private mediation.

6. Considering the facts surrounding this matter, the parties, administrator of the estate, MHM, and Jimmie Earl Crawford, Jr., believe that the settlement amount of $10,000,000.00 is fair and reasonable.

7. Therefore, Plaintiff respectfully requests this Court to approve the settlement in this matter.

## Petition to Approve Distribution

8. The decedent died intestate without a will.

9. The decedent was survived by her two children: MHM and JWM, who will split the proceeds equally.

10. Pursuant to 735 ILCS 5/2-1114, the Administrator and Plaintiff's counsel entered into a contingency fee contract for 1/3 attorney's fees plus costs. Petitioner requests the approval of the 1/3 attorney contingency fee as fair and reasonable.

11. Plaintiff's counsel requests approval of their costs and has expended costs, itemized as follows.

   a. **O'Connor Law Firm's Costs**

O'Connor Law Firm's costs total **$27,046.87**. They are itemized in the attached Exhibit A.

   b. **Ben Crump Law's Costs**

Ben Crump Law's costs total **$51,331.14**. They are itemized in the attached Exhibit B.

   c. **Liens**

The following are liens on the recovery that must be paid:

| | |
|---|---|
| Ruby Funeral Service & Chapel | $6,456.51 |
| St. John's Hospital Springfield | $445.05 |
| **TOTAL** | **$6,901.56** |

   d. **Probate Costs**

The following are the probate costs incurred by the Estate or that will be incurred by the Estate through the conclusion of the probate matter:

| | |
|---|---|
| Surety Bond | $12,462.00 |
| Dvorak & Kelliher, Ltd. Legal Fees | $14,181.25 |
| Probate Costs (filing fee, publication, fed ex) | $791.54 |
| **TOTAL** | **$27,434.79** |

   e. **Total Reimbursable Costs and Liens**

Based on the foregoing itemized expenses, the total reimbursable costs and liens are:

**TOTAL**          **$112,714.36**

12. Therefore, based on the above allocation, the distribution will be as follows:

| | |
|---|---|
| Total Settlement | $10,000,000.00 |
| Attorneys' Fees | - $3,333,333.33 |

   (Payable to primary counsel Crump Law Firm - $3,000,000)
   (Payable to local counsel O'Connor Law Firm - $333,333.33)

3

| | |
|---|---:|
| Attorneys' Reimbursable Costs and Liens | - $112,714.36 |
| **Total Amount Payable to the Heirs** | **$6,553,952.31** |

(Divided equally this results in total settlements paid to the two heirs of $3,276,976.16 each)

| | |
|---|---:|
| Subject to probate court approval, Defendants or their Insurer will fund a structured settlement including periodic payments at a cost of $500,000.00 for MHM. Remainder of the $3,276,976.16 to be paid in a lump sum of $2,776,976.16: | $3,276,976.16 |
| Subject to probate court approval, Defendants or their Insurer will fund a structured settlement including periodic payments at a cost of $2,500,000.00 for JWM. The obligation to make the periodic payments to JWM on and after the age of majority shall be assigned to USAA Annuity Services Corporation and funded by an annuity contract issued by USAA Life Insurance Company (rated A++ (Superior) by A.M. Best). Remainder of the $3,276,976.16 to be paid in a lump sum of $776,976.16 in a probate court supervised account: | $3,276,976.16 |

WHEREFORE, Plaintiff respectfully requests the Court to enter the attached proposed order approving the settlement as outlined herein, approving the attorney's fees and costs, and for any other relief the court deems equitable and just.

Approved:

*Antonio Romanucci*                                                                   4/11/2025
_____                                            _____
ANTONIO M. ROMANUCCI                                                        Date

        Respectfully Submitted,

        /s/ Kevin W. O'Connor
        Kevin W. O'Connor

Kevin W. O'Connor (IL Bar No. 6216627)
Jeffrey D. Naffziger (IL Bar No. 6275581)
O'Connor Law Firm, Ltd.
100 S. Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 906-7609
koconnor@koconnorlaw.com
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com