UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTONIO M. ROMANUCCI as Independent Administrator of the Estate of SONYA WILBURN-MASSEY, </br></br>Plaintiff,</br></br>v.</br></br>SEAN P. GRAYSON, SHERIFF JACK CAMPBELL, SANGAMON COUNTY SHERIFF'S OFFICE, and SANGAMON COUNTY,</br></br>Defendants. | Case No. 3:24-cv-03317-SLD-EIL |

ORDER APPROVING SETTLEMENT OF WRONGFUL DEATH ACTION

Upon the Petition of Plaintiff Antonio M. Romanucci as Independent Administrator of the Estate of Sonya Wilburn-Massey, seeking entry of an Order approving a wrongful death settlement, having reviewed the Petition, ECF No. 12, and being fully advised in the premises, the Court finds:

Plaintiff Romanucci, appointed by the Circuit Court of Sangamon County to the role of Independent Administrator of the Estate of Sonya Wilburn-Massey, deceased, settled an action via private mediation against Defendants Sean P. Grayson, Sheriff Jack Campbell, Sangamon County Sheriff's Office, and Sangamon County;

The action arose from the wrongful death of Massey, which occurred on July 6, 2024, after Massey was shot by Defendant Grayson;

The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 because the Second Amended Complaint, ECF No. 9, asserts federal claims under 42 U.S.C. § 1983;

The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims brought under the Illinois Wrongful Death Act, 740 ILCS 180/1–2.2;

Settlements under the Illinois Wrongful Death Act require court approval for the purpose of distributing settlement funds to the decedent's next of kin in the proportion that reflects the percentage of dependency by the next of kin upon the decedent, *see* 740 ILCS 180/2(b);

Massey is survived by two heirs—her son, M.H.M. (a minor at the time of Massey's death but now an adult), and her minor daughter, J.W.M. Jimmie Earl Crawford, Jr. is J.W.M.'s father and was appointed her legal guardian by the Circuit Court of Sangamon County. M.H.M. and J.W.M. were each 50% dependent on Massey, and will therefore split the proceeds of the settlement equally;

Plaintiff's counsel incurred necessary and proper expenses in this litigation and are entitled to reasonable attorneys' fees and costs in accordance with their 1/3 attorney contingency fee agreement, *see* 735 ILCS 5/2-1114; and

The settlement amount of $10 million is fair and reasonable.

IT IS HEREBY ORDERED:

Plaintiff's Petition to Approve Settlement, ECF No. 12, is GRANTED. The settlement amount of $10,000,000.00 is approved and shall be distributed as follows:

- O'Connor Law Firm, Ltd. shall receive $27,046.87 in costs;
- Ben Crump Law, PLLC shall receive $51,331.14 in costs;
- The following liens, totaling $6,901.56, shall be paid from the recovery:
    - Ruby Funeral Service & Chapel: $6,456.51
    - St. John's Hospital Springfield: $445.05

- The following probate costs, totaling $27,434.79, shall be paid from the recovery:

    o Surety Bond: $12,462.00
    o Dvorak & Kelliher, Ltd. Legal Fees: $14,181.25
    o Probate Costs (filing fee, publication, FedEx): $791.54

- O'Connor Law Firm, Ltd. shall receive $333,333.33 in attorneys' fees;

- Ben Crump Law, PLLC shall receive $3,000,000.00 in attorneys' fees;

- The total amount payable to the heirs after distribution of attorneys' fees, costs, and liens is $6,553,952.31, which shall be divided equally between the two heirs as follows:

    o M.H.M. shall receive a total of $3,276,976.16.  Subject to probate court approval, Defendants or their Insurer shall fund a structured settlement including periodic payments at a cost of $500,000.00 for M.H.M.  The remainder of the $3,276,976.16 shall be paid to M.H.M. in a lump sum of $2,776,976.16.

    o J.W.M. shall receive a total of $3,276,976.16.  Subject to probate court approval, Defendants or their Insurer shall fund a structured settlement including periodic payments at a cost of $2,500,000.00 for J.W.M.  The obligation to make the periodic payments to J.W.M. on and after the age of majority shall be assigned to USAA Annuity Services Corporation and funded by an annuity contract issued by USAA Life Insurance Company.  The remainder of the $3,276,976.16 shall be paid to J.W.M. in a probate court supervised account in a lump sum of $776,976.16.

This matter is DISMISSED WITH PREJUDICE and without costs against Defendants Sean P. Grayson, Sheriff Jack Campbell, Sangamon County Sheriff's Office, and Sangamon County, all matters in controversy between the parties have been fully settled, compromised and adjudicated.

Entered this 14th day of May, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
